DELPHINE SOUDIEU *v.* J. E. FAURÈS.

Brokers may extend their responsibility beyond its limitations as fixed by Art. 2987 C. C., by assuming to themselves other functions than those imposed upon them by law and usage. Where such an agent has disobeyed instructions, he cannot rely upon a ratification of his acts by his principal, without showing that they were ratified after a disclosure of all the material facts.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *G. Legardeur,* for plaintiff. *St. Paul & Bouny,* for defendant and appellant.

SPOFFORD, J. Brokers acting strictly in that capacity, " are not responsible for events which arise in the affairs in which they are employed; they are only, as other agents, answerable for fraud, or faults." C. C. 2987.

But they may incur other liabilities, by assuming to themselves other functions than those which law and usage impose upon brokers. By convention, or by their course of conduct with particular parties, the may modify and enlarge their responsibility.

In this case it appears that the defendant was not a simple intermediary; he took upon himself other and greater obligations than those of a note broker merely.

He undertook to make safe investments of the plaintiff's money. He received the money and placed it upon his own judgment, not upon hers. This is obvious, not only from the direct testimony in the cause, but from an admission in the defendant's answer.

He disobeyed instructions and did not invest upon mortgage or in first class discount paper. He invested imprudently and is responsible for the loss consequent upon that imprudence and violation of instructions, unless the plaintiff is shown to have ratified his action, after a disclosure to her of all the material facts. The ratification relied upon as inferrible from her having once had in her possession the worthless note which the defendant bought with her funds is not well established; for aught that appears she was left in ignorance of what the defendant was bound to disclose in order to shift from himself the responsibility of a violation of instructions and of a lack of that prudence which his special undertaking guarantied.

Judgment affirmed.